**NATIONAL DISTILLERS & CHEMICAL CORPORATION, Virgil L. Hansley, and Stuart Schott, Plaintiffs,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

Civ. A. No. 1510–63.

United States District Court
District of Columbia.
July 29, 1964.

A. Yates Dowell, A. Yates Dowell, Jr., Washington, D. C., E. Janet Berry, National Distillers & Chemical Corp., New York City, for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was heard on May 20, 1964, and the Court having considered all the evidence presented, including the record in the Patent Office and the arguments of counsel, entered judgment for defendant.

In accordance with the Federal Rules of Civil Procedure Rule 52(a), 28 U.S.C., the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. This is a civil action brought pursuant to 35 U.S.C. § 145 seeking judgment of this Court authorizing the defendant, Commissioner of Patents, to is-

sue Letters Patent of the United States containing claims 12 to 17 inclusive of an application Serial No. 664,483, entitled "Chemical Process", filed June 10, 1957, by Virgil L. Hansley and Stuart Schott, and assigned to the plaintiff.

2. The application in suit is a division of application Serial No. 556,469, filed December 30, 1955, now U. S. Patent No. 2,816,936.

3. The invention described in the application relates to a composition consisting of a finely divided alkali metal, preferably sodium, dispersed in a liquid hydrocarbon inert to the alkali metal, and a dispersing agent, the amount of sodium being 10 to 60%, preferably from 20 to 50%. The composition is intended to be used in the dimerization of aliphatic conjugated diolefins, and optimum results are said to be achieved when all particles are not over 3 microns and the average particle size is less than 1 micron, but these particle sizes are not disclosed as critical in the application.

4. Claim 12, considered illustrative by the Board of Appeals, reads as follows:

"A composition consisting essentially of from about 10 to about 60% by weight of a finely divided alkali metal dispersed in a liquid that is inert to said alkali metal and a small amount, based on the weight of said alkali metal, of a dispersing agent, said composition being characterized in that it is substantially devoid of alkali metal particles in excess of about three microns in size and the average particle size of the alkali metal particles is not more than about one micron."

All the claims stand or fall with claim 12.

5. The prior art relied upon by Patent Office tribunals in rejecting claims 12 to 17 inclusive was a United States patent to Hansley, No. 2,487,334, which discloses dispersing finely divided sodium, from 20 to 65% by weight, in inert hydrocarbon liquids by means of a dispersing or emulsifying agent. The average particle size of the alkali metal generally contemplated by this patent is in the order of 1 to 5 microns, but dispersions with average particle size of 0.1 micron are also disclosed.

6. The evidence adduced at trial revealed that procedures disclosed in Hansley patent No. 2,487,334 for producing fine dispersions of alkali metal in inert liquid hydrocarbons could result in such dispersions having an average particle size not over 1 micron.

7. Hansley patent No. 2,487,334 would suggest to the art alkali metal dispersions having an average particle size of 0.1 micron.

8. The evidence indicates that the use of small amounts or the claimed amounts of dispersing agents, based on the weight of alkali metal, in dispersions of the type disclosed by the Hansley patent No. 2,-487,334, was known to the art prior to December 1955 when the parent application (now patent No. 2,816,936) of the application in suit was filed.

9. Plaintiffs' evidence did not establish that the subject matter of claims 12 to 17 inclusive would have been unobvious to a person having ordinary skill in the art in view of the teachings of the Hansley patent No. 2,487,334.

## CONCLUSIONS OF LAW

1. Claims 12 through 17 inclusive are unpatentable.

2. Though the opinions of plaintiffs' experts are in conflict with those of the experts of the Patent Office, the Patent Office finding must prevail if it is consistent with the evidence.

3. The subject matter defined by claims 12 through 17 of plaintiffs' involved application is not patentable because the differences between that subject matter and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. 35 U.S.C. § 103.

4. The availability of a patent as a reference is not limited to the illustrative

examples disclosed therein, but the patent is available as a reference for all that is reasonably suggested therein to those skilled in the art.

5. Plaintiffs are not entitled to a patent containing any of claims 12 to 17 inclusive of application Serial No. 664,-483.

6. The Complaint should be dismissed as to all the claims enumerated in paragraph 11 therein.